IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NOS. AP-75,182, 75,183, & 75,184
 





EX PARTE CARLOS CARMONA, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 FROM DALLAS COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, PJ., and Keasler, J.,
joined.



DISSENTING OPINION 




 I agree that Article 42.12, § 5(b), Tex. Code Crim. Proc., does not suspend collateral
attacks on revocation proceedings. Because the prosecution was unaware that all of the evidence it
used to revoke applicant's deferred adjudication "probation" was perjured, the requisite state action
to establish a due process violation is called into question. See Sanders v. Sullivan, 863 F.2d 218,
222 (2nd Cir. 1988) (discussing cases holding that due process violation requires "a showing of
prosecutorial involvement in the perjury" to constitute the requisite state action necessary to a due
process violation). It is, however, not very difficult to decide that a citizen of this State has a state-law right not to be convicted or have his probation revoked based on perjured testimony. (1) And, just
as the prosecution has a duty to correct perjured testimony at trial when it comes to its attention thus
establishing the requisite state action in that circumstance, (2) the courts of this State should have a
similar duty when a conviction based on perjured testimony comes to their attention with their failure
to correct it also supplying the requisite state action. In this case, I agree with the Court's opinion
to the extent that it decides that an uncorrected revocation of probation based solely on perjured
testimony violates due process. See Sanders, 863 F.2d at 222-26; see also Ex parte Carmona, 
S.W.3d slip op. at 8 (Tex.Cr.App. Nos AP-75, 182; 75,183; 75,184, delivered this date) (deciding
that applicant's community supervision was revoked without due process of law "because it was
revoked solely on the basis of perjured testimony").

 I, therefore, agree with the Court that applicant is entitled to relief. The Court's judgment,
however, does not grant the relief to which applicant is entitled. The Court's judgment sets aside
the trial court's judgment revoking applicant's probation and remands applicant to the custody of
Dallas County for further proceedings. This judgment does not order applicant's immediate release,
and it arguably does not set aside applicant's convictions. The Court's judgment, therefore, may be
ambiguous on whether the State, which agrees that applicant's probation was revoked based solely
on perjured testimony but disagrees that applicant is entitled to relief in this proceeding, may
continue to incarcerate applicant on these convictions. I would decide that the Court's judgment
should set aside applicant's convictions, reinstate his deferred adjudication probation, and order his
immediate release.

 Because the Court's judgment does not expressly provide these remedies, I respectfully
dissent.

 Hervey, J.


Filed: March 1, 2006

Publish

1. See, e.g., Tex. Pen. Code, § 1.02 (4) (an objective of penal code is "to safeguard conduct
that is without guilt from condemnation as criminal"); Tex. Code Crim. Proc., Article 1.03 (5) (an
object of criminal procedure code is to "ensure a fair and impartial trial"); Jimenez v. State, 32
S.W.3d 233, 244 (Tex.Cr.App. 2000) (McCormick, P.J., concurring) ("due process of law" ensures
that a citizen receives whatever the constitution and state law-the "law of the land"-provide).
2. See Napue v. Illinois, 360 U.S. 264, 269 (1959) (conviction obtained through perjury,
"known to be such by representatives of the State," violates due process, and the same result obtains
when the State, although not soliciting perjury, allows it to go uncorrected when it appears); Hawkins
v. State, 660 S.W.2d 65, 75 (Tex.Cr.App. 1983), cert. denied, 454 U.S. 919 (1981).